Judge John H. Chun

___ FILED   ___ ENTERED
___ LODGED   ___ RECEIVED

OCT 24 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                               DEPUTY

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WINSTON BURT, <br><br> Defendant. | NO. CR23-066 JHC <br><br> **PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Catherine L. Crisham of the Western District of Washington and Defendant Winston Burt and Defendant's attorney Peter Camiel, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(C)(1)(C).

1.     **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

a.    Sex Trafficking of an Adult Female (AF1) by Force, Fraud, and Coercion, as charged in Count One, in violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(b)(1).

b.    Unlawful Possession of a Firearm, as charged in Count Four, in violation of Title 18, United States Code, Section 922(g).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty pleas, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

a.    The elements of Sex Trafficking of an Adult Female (AF1) by Force, Fraud, and Coercion, as charged in Count One, are as follows:

First, Defendant did knowingly recruit, entice, harbor, transport, provide, obtain, or maintain, an adult female (AF1);

Second, Defendant knew or was in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the adult female to engage in a commercial sex act;

Third, Defendant's actions were in and affecting interstate commerce.

b.    The elements of Unlawful Possession of a Firearm, as charged in Count Four, are as follows:

First, Defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another or from a foreign nation to the United States;

Plea Agreement - 2
*United States v. Burt*, CR23-066 JHC

*Third*, at the time Defendant possessed the firearms, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

*Fourth*, at the time Defendant possessed the firearms, he knew he was prohibited from possessing firearms as a result of his felony convictions.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. For the offense of Sex Trafficking of an Adult Female (AF1), as charged in Count One: A mandatory minimum term of imprisonment of at least 180 months and up to life imprisonment; a fine of up to $ 250,000; a period of supervision following release from prison of at least five years and up to life; a mandatory special assessment of $100 dollars; and a $5,000 assessment pursuant to the Justice for Victims of Trafficking Act. Defendant agrees that the special assessment shall be paid at the time of sentencing.

b. For the offense of Unlawful Possession of a Firearm, as charged in Count Four: A maximum term of imprisonment of ten years; a fine of up to $250,000; a period of supervision following release from prison of up to three years; and a mandatory special assessment of $100.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 3
*United States v. Burt*, CR23-066 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.      **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5.      **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.      The right to plead not guilty and to persist in a plea of not guilty;

Plea Agreement - 4
*United States v. Burt*, CR23-066 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.      The right to a speedy and public trial before a jury of Defendant's peers;

c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.      The right to confront and cross-examine witnesses against Defendant at trial;

f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

6.      **United States Sentencing Guidelines.** Defendant understands and acknowledges that, before accepting the terms of this Plea Agreement, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses ; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among

defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

      a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

      b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.    Except as provided in the paragraph containing the stipulation of the parties pertaining to sentencing, Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

      a.    In approximately September 2022, Defendant picked up AF1 from the location she was residing and took her to an Airbnb residence in California where he was staying with two other women. After a few weeks, Defendant instructed AF1 that she needed to start earning money for him through commercial sex.

      b.    For the next two months, Defendant required AF1 to engage in commercial sex acts in California, Arizona, and Washington and gave all her earnings to him. Defendant had rules, including that he expected AF1 to earn a minimum of $2,000 per day performing commercial sex acts. Defendant usually made AF1 and the other women working for him walk "the track" in the various cities they visited to get sex buyers. He would also rent hotel rooms or Airbnb locations for them to meet with sex buyers. Defendant made the women work long shifts and would sometimes give them drugs while they were working to keep them energized. Defendant made AF1 and the other women turn over all their earnings to him at the end of every night.

      c.    On multiple occasions, Defendant was physically violent towards AF1 and other adult women working for him. As a result of seeing and experiencing this violence, AF1 was very frightened of the Defendant and was fearful that he would seriously harm her if she did not follow his instructions.

Plea Agreement - 6
*United States v. Burt*, CR23-066 JHC

d.      In early November 2022, AF1 told Defendant that she wanted to leave and no longer wanted to work for him.  Defendant responded by physically assaulting AF1 and instructing other adult sex workers to assault her.  AF1's injuries were so severe she could not go to the track to find sex purchasers.

e.      On the evening of November 5, 2022, Defendant became angry at AF1 and told her that she was not earning any money for him while she was recuperating. Defendant began assaulting AF1 and instructed the other women to kick her as well. AF1 was so frightened she ran to the third floor of the residence where they were staying and jumped out of the window, wearing minimal clothes, to escape further assault. She sustained serious injuries as a result.

f.      After AF1 jumped out of the window, three of the other women working for him intercepted her and shoved her into Defendant's car.  Defendant then drove AF1 and the other women to Aurora Avenue in Seattle.  During the entire ride, Defendant had a firearm in his lap and threatened to shoot her. Once they arrived at the Emerald Motel on Aurora Avenue, AF1 jumped out of the car and ran into traffic on Aurora Avenue to escape.

g.      At some point, a ride-share driver saw AF1 in the middle of the road and told her to get in the car. After AF1 entered the car, Defendant began to chase the ride-share driver and eventually began shooting at the car.  The ride-share driver was armed and returned fire.  A running exchange of gunfire occurred until the vehicles drove southbound on I-5.  The ride-share driver was able to evade Defendant and took an exit towards the gas station where he was contacted by Washington State Patrol.

h.      Defendant was arrested by SPD officers on November 6, 2022.  On November 9, 2022, SPD executed a search warrant of the Mercedes SUV Defendant was in the day of his arrest.  Officers observed what appeared to be one bullet hole and one bullet impact on the car's exterior, as well as what appeared to be drops of blood on the vehicle's exterior and interior. During the search, SPD also located a Glock 27 .40 caliber handgun bearing serial number ACWD881 hidden behind the center dash area controls. The pistol was hidden next to a translucent aftermarket extended magazine containing approximately 22 rounds of .40 caliber ammunition.

i.      Defendant acknowledges that he possessed the Glock 27 .40 caliber handgun knowingly that he had a prior felony conviction for which he was sentenced to, and served, more than twelve months of imprisonment, to wit: *Pandering*, in cause number 16CR-057098, in the Superior Court of San Bernadino, California.  Defendant further acknowledges that the handgun was manufactured outside the State of Washington and therefore traveled in interstate or foreign commerce.

j.      On or about December 1, 2022, law enforcement seized $24,164.00 in United States currency from 6010 N. 32nd Ave., Phoenix, AZ, and $500.00 in United

Plea Agreement - 7
*United States v. Burt*, CR23-066 JHC

States currency from Defendant. On or about April 26, 2023, law enforcement seized an additional $48,100.00 in United States currency from Defendant. Defendant admits that all of the foregoing currency seized by law enforcement constitutes or derives from proceeds of sex trafficking, or is traceable to such proceeds.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case: a base offense level of 34, pursuant to Section 2G1.1(a)(1) of the United States Sentencing Guidelines;

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.    **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.    **Agreed Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is

Plea Agreement - 8
*United States v. Burt*, CR23-066 JHC

a term of 180 months, to be served concurrent to any sentence that is imposed in case number 22-1-00944-2 in King County Superior Court. The parties further agree to recommend that when computing the federal sentence, the Defendant shall be given credit for all time spent in custody since his arrest on November 6, 2022. If the sentencing Court in this matter rejects the agreement of the parties regarding the *or if the sentencing King County Superior Court in the case listed in Paragraph 12 rejects* appropriate sentence, both Defendant and the United States reserve the right to withdraw *the agreement of the parties in that matter,* from this Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial. No other agreement has been made regarding the imposition of the sentence in this matter, and the parties understand that the Court retains full discretion regarding the imposition of a term of supervised release, the conditions of supervised release, fines, forfeiture, or restitution as may be applicable. Except as specified above, Defendant understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.

12.    **Understanding Regarding Pending State Case.** As further part of the consideration for Defendant's guilty pleas, the parties understand that, if Defendant enters the guilty pleas in this case and fulfills all of the promises made in this Plea Agreement, and is sentenced in this case, the King County Prosecuting Attorney's Office agrees to recommend that the sentences in the pending state cases against Defendant be run concurrent with the sentence in the instant case, so long as Defendant enters guilty pleas in the state case to the following offenses: three counts of *Assault 2*; *Drive-by Shooting*; *Unlawful Imprisonment*; and *Assault-3*, in case number 22-1-00944-2 in King County Superior Court.

The government understands that the Defendant wishes to serve the majority of his sentence in the custody of the Washington State Department of Corrections (WSDOC). The government will not object to this request and agrees to communicate with the Bureau of Prisons and Washington State Department of Corrections to assist, to the extent possible, the Defendant's request. The Defendant understands that no one has



Plea Agreement - 9
*United States v. Burt*, CR23-066 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

promised or guaranteed that he will be able to serve the majority of his sentence in the custody of the WSDOC and that he may not withdraw a guilty plea because of his ultimate custody determination.

13.    **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to AF1 and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offenses of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty pleas to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a.    The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

b.    Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial

Plea Agreement - 10
*United States v. Burt*, CR23-066 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.    The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

14.    **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence imposed in this case.

Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of his commission of Sex Trafficking of an Adult Female through Force, Fraud, and Coercion,

Plea Agreement - 11
*United States v. Burt*, CR23-066 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

as charged in Count 1 of the Indictment, or any property traceable to such property, as well as any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property. All such property is forfeitable pursuant to Title 18, United States Code, Sections 1594(d) and includes but is not limited to:

    a.    $24,164.00 in United States currency, seized on or about December 1, 2022, from 6010 North 32nd Ave., Phoenix, Arizona;

    b.    $500.00 in United States currency seized from Defendant on or about December 1, 2022;

    c.    $48,100.00 in United States currency seized from Defendant on or about April 26, 2023; and

    d.    one Glock 27 .40 caliber handgun bearing serial number ACWD881 and any associated ammunition.

Defendant further agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all firearms and ammunition involved or used in his commission of Unlawful Possession of a Firearm, as charged in Count 4. All such property is forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to:

    a.    one Glock 27 .40 caliber handgun bearing serial number ACWD881 and any associated ammunition.

Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made

Plea Agreement - 12
*United States v. Burt*, CR23-066 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unavailable for forfeiture. Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if the property constitutes or is traceable to proceeds of, or was used to facilitate, his commission of Sex Trafficking of an Adult Female through Force, Fraud, or Coercion, as charged in Count 1, or constitutes firearms and ammunition involved in his commission of Unlawful Possession of a Firearm, as Charged in Count 4.

15.    **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband, including but not limited to one FN 5.7mm pistol and any associated ammunition seized by law enforcement on or about October 27, 2022.

16.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the

Plea Agreement - 13
*United States v. Burt*, CR23-066 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

Plea Agreement - 14
*United States v. Burt*, CR23-066 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18.   **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. This includes, without limitation, any constitutional challenge to the Defendant's conviction. Defendant further agrees that, provided the Court imposes the custodial sentence specified in Paragraph 11, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes, without limitation, any challenge to any aspect of the sentence and sentencing proceeding, including any statutory or constitutional challenge to how the sentence was imposed.

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those

Plea Agreement - 15
*United States v. Burt*, CR23-066 JHC

with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//

//

//

Plea Agreement - 16
*United States v. Burt*, CR23-066 JHC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21.     **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 24th day of October, 2024.

_____
WINSTON BURT
Defendant

_____
PETER CAMIEL
Attorney for Defendant

_____
TODD L. GREENBERG
Assistant United States Attorney

_____
CATHERINE L. CRISHAM
Assistant United States Attorney

WDWA USAO.Plea Agr.Version 14.Released 08.30.2024

Plea Agreement - 17
*United States v. Burt*, CR23-066 JHC